JOSEPH A. BUTT *vs.* HENRY A. SMITH.

*Liability of Master—Tort by Servant—Scope of Employment— Driver of Automobile Truck.*

The uncontradicted evidence, showing that the accident to plaintiff, caused by the negligence of defendant's truck driver, happened on Sunday, that the driver was not authorized to use the truck on that day, that he had been drinking heavily and was drunk at the time, and that the place of the accident was not near or on the way to any place where defendant's business would naturally take the driver, *held* sufficient to rebut the presumption arising from defendant's ownership of the truck and his employment of the driver, that the driver was acting within the scope of his employment.          p. 344

The facts that thirty cases of canned tomatoes, the product of defendant's canning factory, were on the truck, and that the driver was in his working clothes, were not sufficient to require the submission of the case to the jury, the thirty cases being less than one-twentieth of the truck's capacity, they not being in proper condition for delivery, it not appearing that the driver had been directed to deliver them, that he was attempting to do so, or that it was his duty to make deliveries of that size, and the driver testifying that he was at the time on a drunken carouse.          p. 344

*Decided May 6th, 1925.*

Appeal from the Superior Court of Baltimore City (STUMP, J.).

Action by Henry A. Smith against Joseph Butt. From a judgment for plaintiff in the sum of one thousand dollars, defendant appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*John L. G. Lee* and *Gustav F. Sanderson,* for the appellant.

*E. Milton Altfeld* and *S. K. Harman,* with whom was *Malcolm J. Coan* on the brief, for the appellee.

WALSH, J., delivered the opinion of the Court.

The only question to be determined in this appeal, is whether or not the evidence in the case was legally sufficient to show that, at the time of the injury complained of, the defendant's servant, who was driving the car which caused the injury, was acting within the scope of his employment.

About 7 P. M. on Sunday, September 30, 1924, the plaintiff and three companions were riding in a Ford sedan on the Eastern Road in Baltimore county, and when near the Baltimore City line the sedan was struck by an automobile truck belonging to the defendant and driven by his brother, hereinafter called the driver, as a result of which collision the plaintiff suffered the injuries for which this suit was brought. At the conclusion of the testimony the defendant asked the court to direct a verdict in his favor, on the ground that the uncontradicted evidence showed that at the time of the accident the driver was not acting within the scope of his employment. The court declined to grant this instruction, and the verdict and judgment being in favor of the plaintiff, the defendant appealed.

The evidence showed that the defendant was engaged in the canning business, having a factory in Harford county and another one in Baltimore City, and that he also conducted a garage business in Baltimore City; that he owned the truck

involved in this case, that his brother was employed to drive the truck, and that the duty of the driver was to haul cans between the two factories, and to do any other hauling which the defendant directed him to do; that on the evening of Saturday, Sept. 29, 1924, the driver, having received his week's wages, brought the truck to Baltimore City and, in accordance with the defendant's instructions, he left it in the rear of the defendant's garage, and he and two companions, who came to the city with him, then started out to have what they termed "a little fun." The driver testified that, in pursuance of this purpose, an amount of whiskey, which he estimated at four gallons, was purchased and most of it consumed by 4 A. M. the following day, at which time his companions left him; that when he awoke some six or seven hours later he was in the house of his mother and father, both of whom were out of town, and in the rear of whose home the defendant's garage was located; that two quarts of the whiskey bought the evening before remained, and that, feeling "nervous and sick" from his earlier dissipation, he began to drink again. After finishing the two quarts, he remembered nothing further until he was taken off the truck and arrested about a quarter of a mile beyond the point where the Ford sedan was struck. Other evidence in the case showed that the driver was intoxicated at the time of his arrest, that he was dressed in his working clothes and had on bedroom slippers, that the truck, which could carry almost seven hundred cases, contained about thirty cases of canned tomatoes, and that the point where the accident occurred was not between the city and county places of business of the defendant, but was in the general direction of the home of a man with whom the driver had lived for four or five years, and whom he testified he frequently visited. It further appeared that the driver was arrested and charged with the unauthorized use of the truck, driving while under the influence of liquor, reckless driving, and failing to stop after an accident, and that he was sentenced to six months in jail, but it does not clearly appear on which of these charges he was found guilty. The driver also testified that he was not supposed to use the

truck without the defendant's permission, that he had no
permission to use it on Sunday, September 30th, 1924, and
that he did not know why he was using it, or how he got the
truck, or how he drove it to the point where the accident
happened.   The defendant testified that the driver was not
authorized to use the truck on that particular Sunday, that
he was not supposed to touch the truck between Saturday
evening and Monday morning, that there were no customers
of the defendant in the vicinity of the place where the sedan
was struck, and that he had no knowledge of how or why
the driver took the truck on the day of the accident.   The
record also shows that the high racks on the trucks prevented
its being placed in the defendant's garage and it was accord-
ingly left outside, that the thirty cases of tomatoes found
on the truck had been taken from the defendant's warehouse,
to which the driver had access, that the defendant's garage
and warehouse, and the home of his mother and father, were
all located together, and that the defendant's home was in
another part of the city.

In the recent case of *Salowitch v. Kres,* 147 Md. 23, the
law applicable to cases of this character was thus stated:
"This Court has held that in a collision caused by an auto-
mobile operated by the servant of the owner there is a reason-
able presumption that the servant was acting in the scope of
his employment and upon the business of his master, and that
the burden of overcoming this presumption is upon the mas-
ter by showing that the servant was engaged in business
other than his employer's." *Jordan Stabler Co. v. Tankersly,*
146 Md. 454, "It is equally well established that this pre-
sumption is a rebuttable one and may be rebutted by the un-
contradicted testimony offered on behalf of either the de-
fendant or the plaintiff, or both, and when so rebutted the
case ought not to go to the jury." Citing *Symington v. Sipes,*
121 Md. 313; *State use of Debelius v. Benson,* 129 Md. 693;
*Pollock v. Watts,* 142 Md. 403.   And see also *Vonderhorst v.
Amrhine,* 98 Md. 406; and *Dearholt Co. v. Merritt,* 133 Md.
323.

Applying the foregoing principles to the facts of this case

it is difficult to see on what theory the defendant can be held
liable.  The uncontradicted evidence shows that the accident
happened on Sunday, that the driver was not authorized to
use the truck on that day for any purpose, that he was drink-
ing heavily the night before the accident and also on the day
of the accident, that he was drunk at the time of the accident,
and that the place where the accident occurred was not in the
vicinity of nor on the way to any place where the defendant's
business would naturally take the driver.  This evidence was
certainly sufficient to rebut the presumption arising from the
defendant's ownership of the truck and his employment of the
driver, but it is contended for the plaintiff that the presence of
thirty cases of the defendant's tomatoes on the truck, and the
further fact that the driver was dressed in his working clothes,
are sufficient to require the submission of the case to the jury.
To this we cannot assent.  The thirty cases of tomatoes con-
stituted less than one-twentieth of the truck's capacity, there
is not a word of evidence showing that the driver had been
directed to deliver the tomatoes to anyone, nor is there any
evidence that he was engaged in trying to deliver them, or
that it was any part of his duty or the defendant's business
to make deliveries of that size.  It also appeared that the
tops of the crates containing the cases were not nailed up,
that there were no labels on the cans, and no tops on the
cases.  Under this state of the evidence and the other circum-
stances of this case, a finding that, because of the presence of
the tomatoes on the truck, the driver was acting within the
scope of his employment at the time of the accident, would
not be based on any logical inference but would be a mere
speculation.  And the fact that the driver was dressed in his
working clothes is, in our opinion, of even less weight.  If he
drank the amount of whiskey he alleged he did, he probably
was unable to change his clothes, even assuming that he had
a change with him, concerning which there is no evidence in
the record.  And as it is not denied that he was in his bed-
room slippers when arrested, his manner of dress would seem
to lend at least as much support to his story of a drunken
carouse as it does to the plaintiff's theory that he was working

at the time of the accident. Vague and doubtful inferences of this sort are certainly not sufficient to contradict the positive and otherwise unchallenged testimony of the defendant, and as this testimony clearly rebuts the presumption arising from the defendant's ownership of the truck and his employment of the driver, we think it is a necessary conclusion that the learned court below erred in refusing to grant the prayer of the defendant asking for a directed verdict in his favor.

The record also contains an exception to the refusal of the court below to admit certain evidence offered by the defendant, but as the conclusion we have reached will finally dispose of the case, it becomes unnecessary to pass upon this exception.

> *Judgment reversed without a new trial, the appellee to pay the costs.*