## WILLIAM EDWARD FLETCHER *vs.* CAREY L. MEREDITH ET AL.

*Scope of Employment—Driver of Truck.*

The vicarious liability of the employer for the acts of the employee can be extended only to the limits of the employer's business.　　　　　　　　　　　p. 582

The owner of a truck, to whom his employer gave the use of the truck and freedom for the afternoon, in order that he might attend a funeral, being required merely to deliver a load of lumber for his employer on his way to the funeral, was not, while returning from the funeral to the employer's garage, in the latter's service, so as to impose liability on the employer for the driver's negligence.　　　　　pp. 583, 584

*Decided June 11th, 1925.*

Appeal from the Circuit Court for Anne Arundel County (Moss, J.).

Action by William Edgar Fletcher against Carey L. Meredith and William G. Meredith, trading as the Meredith Lumber Company. From a judgment for defendants, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, PARKE and WALSH, JJ.

*James M. Munroe,* for the appellant.

*Winson G. Gott,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The sole question presented is whether upon the evidence in this case it could be found as a matter of fact that the driver of a truck of the appellees which struck and injured the appellant was at the time acting within the scope of his employment. The case was tried before the court below without a jury, and at the conclusion of the testimony the court ruled that upon the uncontradicted evidence it appeared that the driver was not so acting within the scope of his employment, and that the plaintiff was, therefore, not entitled to recover against his employer. No question of negligence has been argued, and we are informed by the appellant in his brief that testimony not bearing on the question of employment just stated has been omitted in making up the record. The result is an admirably succinct presentation of that single ground of decision.

The undisputed facts are that the appellant was struck by an automobile truck as he was walking, with his bicycle, at night along the side of the state road near Parole, in Anne Arundel County, and that the truck was owned by the appellees and was being driven by their chauffeur, Frank Dorsey. Dorsey and the appellees all testified that on the morning of that day he, Dorsey, had asked Mr. William Meredith

to lend him a Ford truck belonging to the firm to go to the funeral of an uncle of Dorsey's, near McKendree, in the lower part of the county, and that Mr. Meredith had said the Ford truck could not be spared, but that there was a load of lumber to be delivered at Mason's Beach, in that same direction, and Dorsey could take the truck he usually drove, deliver the lumber, and then take the rest of the afternoon off and use the truck to go to the funeral. This plan was carried out, Dorsey taking his sister on the truck and leaving with the lumber early in the afternoon, delivering the lumber and then going on to the funeral. It was on the return to Annapolis, and only a short distance from Annapolis, that the appellant was struck. It was then dark, the headlights of the truck having been lighted.

It is conceded by the appellant that under the previous decisions of this Court there could be no recovery by him if the driver was at the time engaged on his own business or pleasure, and not on any business of his employer. The rules of *respondeat superior* or agency are the only rules of common law upon which a vicarious liability of the employer might be based, and under these rules the liability can be extended only to the limits of the employer's business. *Debelius v. Benson,* 129 Md. 693; *Whitelock v. Dennis,* 139 Md. 557; *Myers v. Shipley,* 140 Md. 380; *Louis v. Johnson,* 146 Md. 115. Therefore, if the accident had occurred while the truck was going to the funeral, beyond the place of delivery of the lumber, no question of liability of the truck owners would be raised. But recovery is sought on the theory that Dorsey had finished his own use of the truck and had returned to the employer's business by returning toward Annapolis, where the truck was kept. The argument is that the work of delivering the lumber at Mason's Beach, which was, of course, the employer's service, involved as a necessary incident the return to Annapolis, and that, therefore, the driver resumed the service when the funeral was over and he returned home.

The decided cases are not all in accord on the extent to which this reasoning may carry the liability of an employer.

See *Mastrilli v. Herz,* 100 Conn. 702; *Graham v. Henderson,*
254 Pa. 137; *Riley v. Standard Oil Co.,* 231 N. Y. 301;
*Donahue v. Vorenberg,* 227 Mass. 1; *Cummings v. Republic
Truck Co.,* 241 Mass. 292. But the opinion of this Court is
that the weight of authority, and the better reasoning, are to
the effect that the bare fact of return toward the garage after
a personal use by the employee does not alone constitute re-
sumption of the employer's service; that it may in some cir-
cumstances, and in others it may not. It would seem possible
that an employer's service could be terminated at a distant
point, and the car or truck then delivered over to the use of
the employee until ultimately returned to the garage. And
we think that is the proper analysis of this case. It may be
said, upon the testimony here, that the whole trip originated
as one on personal business of the employee. And when it is
added that, after the delivery of the lumber at Mason's Beach,
the employee and the truck were released from the employer's
service for the afternoon, it seems to us clear that the re-
turn toward Annapolis cannot be taken as a resumption of that
service except by way of a fiction, and that it would involve
a break with the law of agency to hold the employer liable for
the results of the accident which then occurred. We do not
consider ourselves at liberty to make that break. In *Debelius
v. Benson,* 129 Md. 693, the employee was returning to Bal-
timore City, where the car belonged, after a ride unauthorized
by his employer, and the employer was held not liable. In
*O'Rourke v. A-G Co., Inc.,* 232 Mass. 129, a chauffeur gen-
erally employed to drive rented cars was permitted by his
employer to take a car on Sunday to carry his family on a
pleasure trip, and he was returning alone, on the way to the
garage, when the accident, out of which the suit arose, oc-
curred. "The record does not disclose any facts," said the
court, "from which, notwithstanding his testimony to the
contrary, an inference reasonably could be drawn that Munger
was acting for and representing the defendant at the time of
the accident." And the employer was held not liable. And in
the case of *Cannon v. Goodyear Tire and Rubber Co.,* 60 Utah

346, the employer was held not liable for negligence of a driver who, after having made the last delivery of the day for the employer, drove on to his own home and moved his furniture, and then, on returning toward the employer's garage, struck the plaintiff. And to the same effect are *Ludberg v. Barghoorn,* 73 Wash. 476; *Danforth v. Fisher,* 75 N. H. 111; *Brinkman v. Zuckerman,* 192 Mich. 624; *Scheel v. Shaw,* 252 Pa. 451; *Solomon v. Commonwealth Trust Co.,* 256 Pa. 55. And see *Matter of Schultz v. Champion W. & M. Co.,* 230 N. Y. 309; *Reich v. Cone,* 180 N. C. 267; *Menton v. Patterson Mercantile Co.,* 145 Minn. 310, and, generally; a note reviewing cases in 22 A. L. R. 1400.

*Judgment affirmed, with costs to the appellees*