ANNA ERDMAN *v.* HENRY S. HORKHEIMER & CO., TO ITS OWN USE AND TO USE OF WORLD FIRE & MARINE INSURANCE COMPANY

[No. 8, October Term, 1935.]

*Decided October 31st, 1935.*

The cause was argued before URNER, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*H. Beale Robbins* and *F. Gray Goudy,* for the appellant.

*John A. Cochran,* with whom was *Harry W. Allers* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

The automobile of the plaintiff was damaged in a collision with a taxicab of the defendant. There was no testimony of negligence on the part of the driver of the plaintiff's automobile, and there is no controversy that the

negligent operation of the defendant's taxicab was the immediate cause of the collision and of the damage to the plaintiff's automobile. The defense was that the defendant's servant either was not driving the taxicab at the time of the accident, or was not then acting within the scope of his employment. The prayers granted submitted these issues of fact to the jury, which found in favor of the plaintiff, and the defendant has appealed from the judgment rendered on the verdict. The ground of appeal is that the prayer to take the case from the jury should have been granted, on the theory that there was no legally sufficient evidence that the driver of the taxicab was acting within the course and scope of his employment when the accident happened.

There can be no denial that the driver of the taxicab was a servant of the defendant to operate the taxicab for the benefit of the defendant by the transportation of passengers for hire. On the day of the accident the driver took the taxicab in the morning for its operation throughout the day on the business of his employer. He was engaged in this service when he stopped at a clubhouse in Baltimore City in the early afternoon, and drank until he became intoxicated. The driver of the taxicab testified that he had no recollection of what occurred after he became drunk, and the testimony of what did occur is conflicting with reference to the subsequent material facts. The problem of the court is not to decide the issues of fact, but to determine whether there was legally sufficient testimony to go to the jury in support of the plaintiff's right to recover. A reading of the record establishes that there was testimony from which the jury could find that, at the time of the accident, the taxicab of the defendant was so negligently operated by the servant of the defendant that this negligence was the immediate cause of the collision which damaged the plaintiff's automobile. From these circumstances arises the reasonable presumption that the servant was acting in the scope of his employment, and upon the business of his master; and, so, is imposed upon the master the burden of surmounting this

presumption by showing that the servant was not engaged in the master's business. Should this presumption be rebutted by the uncontradicted testimony, the case should not be submitted to the jury. *Butt v. Smith,* 148 Md. 340, 343, 129 A. 352; *International Co. v. Clark,* 147 Md. 34, 37, 38, 127 A. 647; *Salowitch v. Kres,* 147 Md. 23, 29-33, 127 A. 643; *Pennsylvania Ry. Co. v. Lord,* 159 Md. 518, 526, 527, 151 A. 400; *Symington v. Sipes,* 121 Md. 313, 318, 88 A. 134; *Carroll v. Hillendale Golf Club,* 156 Md. 542, 544, 545, 144 A. 693.

In this case, however, the presumption is not overcome by the uncontradicted testimony. To the contrary, the testimony offered tended to prove that, although drunk, the defendant's driver was capable of volition, and of driving the taxicab, and that, while in this condition, he left the clubhouse shortly before the accident and resumed the operation of the taxicab, which he continued to drive in the performance of a continuous service, within the time and territory of his employment, until he collided with the approaching automobile of the plaintiff, which was being driven southwardly on a public highway about 5 o'clock in the afternoon. There was, moreover, testimony on the part of the plaintiff from which it could be inferred that the driver was, at the time, transporting a passenger in the performance of his master's customary service. There was, consequently, testimony from which, if believed, the jury could find that the driver of the taxicab, during the time and at a place contemplated by the master and within the scope of his employment, was guilty of negligence in the management of the taxicab, and that this negligence caused the injury of which the plaintiff complained. So, no error was made in refusing to grant the instruction for a directed verdict in favor of the defendant.

Intoxication of the servant during the course of his tour of daily employment does not relieve the master of liability to third parties for injuries resulting from want of reasonable care on the part of the servant in an act done in the course of his employment and within its

scope. The master is responsible, under such circumstances, for the wrongful act of the servant, and the legal right of the plaintiff to recover is not affected by the servant's being drunk or sober when the wrongful act was so done. See *Balto. Consol. Ry. Co. v. Pierce*, 89 Md. 495, 501-505, 43 A. 940; *Deck v. Balto. & O. R. Co.*, 100 Md. 168, 181-183, 59 A. 650; *Id.*, 102 Md. 669, 62 A. 958; *Cate v. Schaum*, 51 Md. 299, 308, 309.

Although stopping at the club and there remaining until he became intoxicated was a deviation from his service, it was not a complete, but a temporary, abandonment, as the driver remained in charge of his master's vehicle, and returned to the waiting taxicab after leaving the club, and there is testimony which tends to prove that, instead of proceeding with the taxicab to the owner's place of storage, the driver resumed the duties of his employment, and was carrying a passenger at the time of the accident. See *Chaufty v. DeVries*, 41 R. I. 1, 102 A. 612.

The jury evidently believed that the use of the taxicab for the pleasurable purpose of the driver had ceased when he left the club and returned to the taxicab, which had been left at the point where he had departed from the performance of his duty, and where, from the nature of his employment, he could resume his master's service of soliciting and carrying passengers on the streets of Baltimore and its vicinity, since there is testimony in the case from which the inference may be made that at the time of the collision the driver had resumed acting in the course of his employment and was engaged in transporting a passenger. These facts distinguish the appeal at bar from *Fletcher v. Meredith*, 148 Md. 580, 582, 583, 129 A. 795, and from *Butt v. Smith*, 148 Md. 340, 342-343, 129 A. 352.

Finding no error in the rulings, the judgment must be affirmed.

*Judgment affirmed, with costs.*