## LOUIS N. PHIPPS ET AL. *v.* AMOS E. MILLIGAN
[No. 8, April Term, 1938.]

*Decided May 18th, 1938.*

The cause was argued before BOND, C. J. URNER, PARKE, SLOAN, MITCHELL, and JOHNSON, JJ.

*Walter L. Clark* and *Roszel C. Thomsen*, with whom was *Clater W. Smith* on the brief, for the appellant.

*Albert H. Frankel*, with whom was *Benjamin Swogel* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The plaintiff, Amos E. Milligan, brought suit against Louis N. Phipps, individually and trading as · Annapolis Buick Company, and Samuel J. Miller, for injuries sustained on May 28th, 1936, from having been struck by an automobile which was at the time owned by Phipps and operated by Miller, the charge being that Miller was then acting within the scope of his employment as the agent, servant and employee of Phipps. From a judgment against both defendants, Louis N. Phipps appeals.

The only question submitted to this court is whether Miller, at the time of the accident, was engaged in the business of Phipps, or was on an expedition of his own. It is conceded that there was sufficient evidence of Miller's negligence to take the case against him to the jury.

Louis N. Phipps was and is conducting an automobile business at Annapolis, under the name of Annapolis Buick Company. Since 1930 Samuel J. Miller has been selling automobiles for Louis N. Phipps on commission; he had no compensation other than that earned from sales of cars made by him. The defendant Phipps makes the point that Miller was an independent contractor, but the view we take of this case makes the decision of that question unnecessary. Miller had sold a Buick car to a naval officer, for whom he had taken the car to Baltimore, whence it was shipped to the West Coast by rail. The officer, who was leaving for the West Coast, a few days later, May 28th, 1936, asked Miller to drive him and his family to the Camden Station of the Baltimore & Ohio Railroad at Baltimore, where they took a train for the West. Miller owned an Oldsmobile car in which he intended to take the officer and his family, with their baggage, to Baltimore, and "* * * would have used it but it was too small because this Lieutenant-Commander had about five or six suit-cases to take across the country with him." Including Miller, there were five passengers. Finding his automobile too small, Miller asked Phipps to let him have a larger Buick car for the trip to Baltimore, adding that he wanted to remain in Baltimore to see some friends.

Phipps said that would be agreeable to him. Miller took his passengers to the railroad station at Baltimore, and then visited various places there until about two o'clock in the morning, when he started on the return trip. Between Baltimore and Annapolis, he struck and severely injured the plaintiff.

The plaintiff's contention is that Miller, on the trip and return between Annapolis and Baltimore, was the employee and agent of Phipps and was engaged in his business; that the only time Miller was engaged in business or pleasure of his own was from the time he left his passengers at the railroad station until he left Baltimore for Annapolis on the return trip, and that the question of deviation from the master's service is, therefore, not involved. Phipps' contention is that no part of the trip was on his business, and that he merely let Miller have his car as an accommodation to him. It is not disputed or contradicted that the arangements were all between the naval officer and Miller, and the only inference to be drawn is that, if Miller's car had been large enough to carry the passengers and baggage, Phipps' car would not have been involved in the accident.

It is the rule in this state that the driver of an automobile is presumed to be the employee, agent, or servant of the owner, who, in the absence of proof to the contrary, would be answerable in damages for the driver's negligence. The presumption, however, is rebuttable, and, if the evidence in rebuttal is uncontradicted and conclusive, the court may declare nonliability of the owner as a matter of law. *Pennsylvania R. Co. v. Lord,* 159 Md. 518, 526, 151 A. 400, 403, 404, and cases there cited.

The plaintiff in his brief, says the "* * * Maryland case most analogous to the present case is *International Company v. Clark,* 147 Md. 34, 127 A. 647." The facts in that case have no resemblance to the instant case, but the principle laid down in that case is the proper guide in this case, with a different application. It was there said (page 37) : "If the automobile causing the accident belongs to the defendant, and is being operated at the time

of the accident by one in the general employ of the defendant, there is a reasonable presumption that at such time he was acting within the scope of his employment and in furtherance of his master's business," but "this presumption is only *prima facie,* and may be rebutted and overcome by evidence adduced during the trial, by the testimony of any of the parties to the suit. It is equally well settled that, where the evidence offered to establish facts which would rebut this presumption is contradictory, the question is one for the jury; but, where the facts so offered are undisputed and uncontradicted, it becomes properly a question for the court."

The defendant Phipps' chief reliance is on the case of *Fletcher v. Meredith,* 148 Md. 580, 129 A. 795, in which Meredith's driver, Dorsey, borrowed a truck to go to the funeral of an uncle. Meredith said he could have the truck, and asked him to leave a load of lumber with a customer in the same direction, and then use the truck for the day. After the delivery of the lumber, and after the funeral, on the way back to Annapolis, Dorsey had an accident for which Meredith was sued. In that case it was said and held (page 583, 129 A., page 796) : "The opinion of this court is that the weight of authority, and the better reasoning, are to the effect that the bare fact of return toward the garage after a personal use by the employee does not alone constitute resumption of the employer's service; that it may in some circumstances, and in others it may not. It would seem possible that an employer's service could be terminated at a distant point, and the car or truck then delivered over to the use of the employee until ultimately returned to the garage. And we think that is the proper analysis of this case. It may be said upon the testimony here that the whole trip originated as one on personal business of the employee. And when it is added that after the delivery of the lumber at Mason's Beach, the employee and the truck were released from the employer's service for the afternoon [a not unreasonable conclusion in the instant case], it seems to us clear that the return towards Annapolis cannot be taken

as a resumption of that service except by way of a fiction, and that it would involve a break with the law of agency to hold the employer liable for the results of the accident which then occurred. We do not consider ourselves at liberty to make that break."

In the case of *Myers v. Shipley*, 140 Md. 380, 116 A. 645, there was no mixture or suggestion of the owner's business in the resulting accident. In that case a father had permitted his son to use, or had loaned him, his car, but this court declared that it made no difference in the rule that the car was being driven by the son of the owner, and, applying the law of master and servant, absolved the father from liability.

At the conclusion of the evidence, the defendant Phipps offered a demurrer prayer to the evidence which was refused and the case against him submitted to the jury, which found against both defendants. As, in the opinion of this court, the uncontradicted and conclusive evidence is that Miller was not, at the time of the accident complained of, the agent, servant or employee of Phipps, the judgment against him should be reversed.

*Judgment against Louis N. Phipps reversed, with costs.*