**KAS et al. v. GILKERSON et al.**

No. 11292.

United States Court of Appeals
District of Columbia Circuit.

Argued April 8, 1952.

Decided July 10, 1952.

Fahy, Circuit Judge, dissented.

Paul R. Connolly, Washington, D. C., with whom Howard Boyd, Washington, D. C., was on the brief, for appellants.

P. Michael Cook, Washington, D. C., for appellees.

Before PRETTYMAN, PROCTOR, and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a judgment of the District Court in favor of appellees (plaintiffs), for varying amounts, for damages suffered in an automobile collision. Judgment was entered upon the special verdict of a jury after filing of remittiturs ordered by the court.

The accident occurred about midnight. James Bushrod, employed by appellants (defendants), was driving their delivery truck north on Route 301 towards T. B. in Prince George's County, Maryland. Appellees were going south in plaintiff Gilkerson's car. The point of collision, as testified to

by State Policeman Suthard, who came upon the scene immediately after the accident, was on Route 301, about 3000 feet south of its junction with Route 5. Gilkerson placed the spot as "about a city block" south of the intersection.

Defendants admitted the employment of Bushrod, but denied that at the time and place of the collision he was acting as their agent or within the scope of his employment.

▮▮ Although invoking the presumption of agency arising from defendants' ownership of the truck, Peabody v. Marlboro Implement Co., 1934, 63 App.D.C. 288, 72 F.2d 81; Fowser Fast Freight v. Simmont, 1951, Md., 78 A.2d 178; Phipps v. Milligan, 1938, 174 Md. 438, 199 A. 498; Fletcher v. Meredith, 1925, 148 Md. 580, 129 A. 795, 45 A.L.R. 474, plaintiffs nevertheless proved by the testimony of Officer Suthard, as part of the res gestae, that at the scene of accident Bushrod stated he had been down in Southern Maryland visiting relatives and had made a delivery for defendants in T. B. on his way down. The officer further testified that there was no store at the intersection of Routes 5 and 301, but that there was a house and store about a quarter-mile north of Route 301 at another intersection. Plaintiff Gilkerson also testified that Bushrod said "he was down there [in T. B.] making a delivery and then went on further down in Maryland and visited some relatives down there."

The defendant, Irving Kas, testified, in effects, that he, Irving, controlled the use of the truck and sending of deliveries for his firm; that Bushrod did not have authority or permission to use the truck to go down into Southern Maryland; that he did not ask for and did not have defendants' consent; that on one occasion Bushrod did ask permission to take the truck down to Southern Maryland, where his step-father lived, and he (witness) would not permit it; that in going down to Southern Maryland on the day of the accident Bushrod acted without knowledge or consent of Kas; that there was no reason of the firm why Bushrod was at the scene of the accident with the truck at midnight as the stores would have been closed.

At the close of all the evidence, defendants moved for a directed verdict, and later for judgment non obstante veredicto. Both were denied. These motions were based upon the contention that on all the evidence there was no substantial proof that at the time of the accident Bushrod was acting within the scope of his employment in that he was not engaged upon the business of his employer, but on the contrary, as shown by the uncontradicted testimony, he had departed therefrom and was on his own personal affairs.

▮ As the collision occurred in Maryland liability of defendants must be determined according to its law. Western Union Tel. Co. v. Brown, 1914, 234 U.S. 542, 34 S.Ct. 955, 58 L.Ed. 1457; Giddings v. Zellan, 1947, 82 U.S.App.D.C. 92, 160 F.2d 585, including the rule as to vicarious liability; Rubenstein v. Williams, 1932, 61 App.D.C. 266, 61 F.2d 575. There being no statute upon the subject we must look to the rule of law established by the decisions of the Maryland courts. They disclose a well established rule,[1] stated in Butt v. Smith, 1925, 148 Md. 340, 129 A. 352, 353, as follows:

" " " * * * there is a reasonable presumption that the servant was acting in the scope of his employment and upon the business of his master, and that the burden of overcoming this presumption is upon the master by showing that the servant was engaged in business other than his employer's." ' Jordan Stabler Co. v. Tankersly, 146 Md. 454, 126 A. 65."

But, continues the opinion,

" 'It is equally well established that this presumption is a rebuttable one, and may be rebutted by the uncontra-

---

1. Fowser Fast Freight v. Simmont, 1951, Md., 78 A.2d 178; Phipps v. Milligan, 1938, 174 Md. 438, 199 A. 498; McDowell, Pyle & Co., Inc. v. Magazine Service, Inc., 1933, 164 Md. 170, 164 A. 148; Wells v. Hecht Bros. & Co., 1928, 155 Md. 618, 142 A. 258; Fletcher v. Meredith, 1925, 148 Md. 580, 129 A. 795.

dicted testimony offered on behalf of either the defendant or the plaintiff, or both, and when so rebutted the case ought not to go to the jury' * * *.'"

Plaintiffs concede the Maryland law to be as stated, but contend that the testimony of a departure by Bushrod from the business of his employers does not stand uncontradicted; therefore that the trial court was right in submitting that question to the jury.

■■ However, we think a fair and reasonable consideration of all the evidence bearing upon the vital question necessarily leads to the single conclusion that at the time and place of the collision Bushrod was not engaged upon his employers' business, but had departed from the scope of his employment and was engaged solely upon his own personal affairs. Therefore, in accordance with the established law of Maryland, no liability attached to the defendants for any negligent acts of Bushrod resulting in the accident. Hence, a verdict should have been directed in favor of the defendants. Accordingly the judgment must be reversed, with directions to vacate the same and enter judgment for defendants.

So ordered.

FAHY, Circuit Judge, dissents, being of the opinion that the question whether or not Bushrod was acting within the scope of his employment properly was submitted to the jury by the District Court, within the principles set forth in Fowser Fast Freight v. Simmont, 1951, Md., 78 A.2d 178.