## GRIER *v.* ROSENBERG

[No. 143, October Term, 1956.]

250

 · 

 

 

*Decided May 8, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Robert S. Rody* and *Amos I. Meyers* for the appellant.

*Herbert F. Murray,* with whom were *Clater W. Smith* and *Clark, Smith & Prendergast* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellant filed suit in the Baltimore City Court on November 27, 1953, against the Baltimore Transit Company, a body corporate, Maurice E. Flather and Harry Rosenberg. There was a jury verdict in favor of all of the defendants on November 30, 1955. The appellant filed a motion for new trial, which was overruled as to the Baltimore Transit Company and Maurice E. Flather on January 27, 1956, and judgment "absolute" was entered in favor of the latter parties on the same date. The motion was held *sub curia* by the Court as to the defendant, Harry Rosenberg, until July 16, 1956, when it was overruled, and judgment "absolute" entered. This is an appeal from the latter judgment.

On January 5, 1953, the appellant boarded a Baltimore Transit Company bus northbound on Caroline Street at its intersection with Monument Street in Baltimore City. She was the last of a number of passengers to board the bus, and was paying her fare when the bus driver, after the light changed to green and he began to move, caused the bus to come to a stop so sudden and violent that she was thrown against the front of the bus and caused to strike her head.

The unusual and severe stop, according to the bus driver, and several passengers on the bus, was necessitated by an automobile on the left of the bus which suddenly cut across the front of the bus at great speed and turned right into Monument Street. The appellant also testified to the sudden stop, but did not know its cause. The bus driver testified that in addition to noting that the car was blue and had one man in it, he took deliberate pains to observe the license plate number, because of the "rotten cut" it had given him and made an official report of the accident to his employer, on

which he included that number. An official of the Department of Motor Vehicles testified that the license number in question was issued for an automobile owned by the appellee, Harry Rosenberg, and there was testimony that its color was blue.

## I

The appellant first contends that after she had offered evidence from which the jury could find as a matter of fact that the appellee was the owner of the automobile allegedly causing the injury complained of, she was entitled to an instruction to the jury, (which the Court declined to give), that if the jury found as a fact ownership of the car in the appellee, there arose a rebuttable presumption that the automobile was being operated by the appellee or by his agent, servant and/or employee acting within the scope of the agent's, servant's and/or employee's employment. To this, the appellee replies that he concedes the presumption as above stated, but as he offered, evidence relating to his car and its possible drivers, there was no requirement nor necessity for an instruction concerning the presumption. His only evidence relative thereto was his own testimony, which was to the effect that he knew nothing of the injury complained of until nearly six months after its occurrence; that he did not know or recall any activity, on the day in question, that would have involved his presence at the scene of the alleged injury; that there was a possibility that his car might have been there and someone from his office could have been driving it; that he had been treated at the Sinai Hospital, about six blocks from the scene, and still makes visits there for medical care; and that he had inquired among his employees and none of them recalled any occasion for driving his car on the day in question, or at that time being in the vicinity where the plaintiff received her injury.

We think the instruction relative to the presumption should have been given. In a long line of decisions of this Court, it has been held that there is a rebuttable presumption that the driver of an automobile is the agent, servant and/or employee of the owner thereof. Among the many cases so holding, see *Fowser Fast Freight v. Simmont,* 196 Md. 584, 588,

78 A. 2d 178; *Taylor v. Freeman*, 186 Md. 474, 47 A. 2d 500; *Penn. R. R. v. Lord*, 159 Md. 518, 151 A. 400. And this includes a rebuttable presumption that the agent, servant and/or employee was operating the automobile within the scope of his employment. *Erdman v. Horkheimer & Co.*, 169 Md. 204, 206, 207, 181 A. 221; *Brown v. Bendix Aviation Corp.*, 187 Md. 613, 621, 622, 51 A. 2d 292.

This Court also has previously approved the granting of instructions of this nature, relating to negligence. Indeed, if the instruction be not granted, how is the jury to know of the presumption? No matter how clearly the ownership of a motor vehicle might be established, without any information of, or instruction concerning, the presumption, the jury might have great reluctance in finding the driver of such vehicle an agent or servant of the owner acting within the scope of his employment. In *Ches. Iron Works v. Hochschild*, 119 Md. 303, 311, 86 A. 345, this Court approved a prayer wherein the Court ruled as a matter of law (the trial Court sitting without a jury) that if certain facts were established, they "* * * will be *prima facie* evidence of negligence * * * and unless upon the whole evidence, such *prima facie* evidence is rebutted, then the verdict must be for the plaintiffs." See also *Inland & Seaboard Coasting Co. v. Tolson*, 139 U. S. 551. Again in *Frenkil v. Johnson*, 175 Md. 592, 3 A. 2d 479, the Court of Appeals held the instructions granted by the trial Court were not prejudicial to the defendant. Plaintiff's first prayer instructed the jury that if they should find certain facts "* * * a rebuttable presumption of negligence on the part of the defendant * * * arises and they may find their verdict for the plaintiff unless they further find from all of the evidence in the case that the defendant was not guilty of any negligence which directly caused or contributed to the injury * * *" or that the plaintiff was guilty of contributory negligence. See also *Potomac Edison v. Johnson*, 160 Md. 33, 34, 152 A. 633; *Potts v. Armour & Co.*, 183 Md. 483, 489, 39 A. 2d 552; and compare *Pindell v. Rubenstein*, 139 Md. 567, 578, 115 A. 859.

In *McCormick on Evidence*, (1954 Ed.), pp. 667-672, Professor McCormick says:

"The form books are replete with instructions on presumptions, and the digests give abundant evidence of the widespread and unquestioning acceptance of the practice of informing the jury of the presumption despite the fact that countervailing evidence has been adduced upon the disputed inference.

"It seems to me that the practice is wise and indeed almost necessary. * * *

"Instructions upon presumptions, whether permissive or mandatory, since they announce judicial custom crystallized into rules, escape as we have seen the imputation of being the judge's individual opinion or comment.

"They can give the jury substantial aid in avoiding mistakes in difficult cases. * * *

"I am inclined to think that it is a more natural practice, especially under the American tied-judge system, *to mention the presumption,* so that the jury may appreciate the legal recognition of a slant of policy or probability as the reason for placing on the party this particular burden". (Italics supplied.)

In cases of this nature, after the plaintiff has offered proof of the ownership of the automobile in the defendant, if the defendant does not offer any evidence on the issue of agency, the Court should instruct the jury that if they find as a fact that the defendant owned the car, they must find that he is responsible for the negligence (if any) of the driver. If the defendant does present evidence to show that the alleged driver was engaged on business or a purpose of his own, it may be so slight that the Court will rule it is insufficient to be considered by the jury in rebuttal of the presumption, in which case the Court should grant the same instruction it would have granted if the defendant had offered no evidence on the issue. The evidence may be so conclusive that it shifts the burden or duty of going forward with the evidence back to the plaintiff, in which event the defendant would be entitled to a directed verdict, if the plaintiff does not produce evidence in reply, unless there is already evidence in the case

tending to contradict defendant's evidence. *Erdman v. Hork-heimer & Co., supra,* 169 Md. 207; *Fowser Fast Freight v. Simmont, supra,* 196 Md. 588. The evidence, however, may fall between the two categories mentioned above, in which event the issue of agency should be submitted to the jury. Cf. 3 *Md. Law Rev.* 287, 288. It would be difficult, if not impossible, to lay down a rule, that would apply in all cases, as to when the evidence is so slight that it is insufficient to be considered by the jury in rebuttal of the presumption of agency, or so conclusive as to require a directed verdict for the defendant. These matters must depend upon, and be decided by, the facts developed in each individual case.

## II

The appellant next contends the testimony of the appellee, outlined above, was so slight and insubstantial that it was no evidence at all, and she was entitled to a directed verdict on the issue of agency, if the jury found as a fact that it was the appellee's car that was at the scene of the accident. With this, we are unable to agree. The defendant had no knowledge of any complaint by the appellant until approximately six months after the alleged injury. Under these rather unusual circumstances, we conclude the appellee's testimony presented a proper issue on the question of whether or not the appellee, or his servant acting within the scope of his employment, was driving the appellee's car at the scene of the injury to be presented to the jury.

## III

The appellant then claims that if such testimony of the defendant did amount to "evidence", it consisted entirely of self-serving statements made by an interested party, and therefore was legally insufficient to rebut the aforesaid presumption. We are unable to discover where the question was presented to, or passed upon by, the trial Court; therefore, under former Rule 9 of the General Rules of Prac. and Proc. (Now Rule 885 of the Maryland Rules) we do not feel it is necessary to pass upon the same.

## IV

A witness produced by the appellant, a Mrs. Lila Vernon, testified she was seated on the left side of the bus on the first regular seat; that she heard an automobile making a noise and the bus stopped abruptly; that the appellant struck her head against the "view mirror"; that she and another person rushed to her aid; and that the motorman said: "I have the car number". In reply to a question propounded by the Court as to *when* this statement was made, the witness indicated it occurred as part of the driver's first actions and remarks after the sudden stop, and she said: "Just a very few minutes, because he rushed to the lady" after the stop. In response to the question of "How many minutes", she replied: "* * * well, he could have made the statement before getting to us, * * * it was said shortly after the sudden stop". The trial Court ruled out this statement of the driver. It was material testimony, as the ownership of the appellee's car was attempted to be established at the trial by the proof of its color, and its license plate number furnished by the bus driver. As the case must be remanded for the error committed under I, it is appropriate to say we think it was admissible as part of the *res gestae*. *United Rys. & Elec. Co. v. Cloman*, 107 Md. 681, 69 A. 379; *Shirks Motor Express v. Oxenham*, 204 Md. 626, 636, 106 A. 2d 46.

## V and VI

The fifth and sixth questions raised by the appellant may be considered together. She argues that the trial Court committed reversible error in refusing to admit a report of the bus driver to his employer, which was made in the usual and ordinary course of business; and, also, in commenting, in the presence of the jury, that the said report was "objectionable" insofar as the defendant Rosenberg was concerned. These contentions require little discussion. The trial Judge permitted the witness to use the report to refresh his recollection as to the number of the license plate; whereupon, counsel for the appellant stated: "Well, the license has already been stated, so we will *withdraw the report*, because the testimony is in." (Emphasis supplied). Having withdrawn the offer

of the report, the appellant certainly has no right to raise in this Court the question of its admissibility, or any comment made by the trial Court concerning its being objectionable. In view of the above, we do not feel that these points should have been presented in this appeal.

## VII

The appellant further argues that the trial Court showed partiality in favor of the appellee by "dwelling" on the many ways in which the jury might render a verdict in his favor. This Court has held that the language of the trial Court's charge must be examined as a whole in order to assess its fairness and adequacy, *vel non.* *West v. Belle Isle Cab,* 203 Md. 244, 250, 100 A. 2d 17. We have carefully examined the charge delivered in this case as a whole and find no unfairness or partiality therein. We are, therefore, unable to discover any merit in this contention.

## VIII

The appellant finally claims the trial Court erred by including in its charge an instruction that the mere happening of the accident raised no presumption of negligence on the part of the defendant. She cites as her authority for this argument the case of *Pindell v. Rubenstein, supra,* 139 Md. 567. In making this contention, the appellant apparently is confused in her presumptions. In that case, the facts offered in evidence by the plaintiff supported an application of the doctrine of *res ipsa loquitur;* and, if those facts were accepted by the jury, they were sufficient to support an inference of *negligence* from the mere happening of the accident. This Court held the granting of an instruction that the mere happening of the accident raised no presumption of negligence, under such circumstances, was misleading and incorrect. In the case at bar, there is no claim that the rule of *res ipsa loquitur* applied. The presumption involved herein is one of *agency,* not one of *negligence.* The giving of the instruction in this case did not, in any way, affect the presumption of agency and was justified and proper.

Because of the error set forth in I, the judgment must be reversed and the case remanded for a new trial.

> *Judgment reversed, with costs, and case remanded for a new trial.*