POWERS SYMINGTON

*vs.*

FREDERICK G. SIPES.

*Master and Servant*: *injury to third party; when master
not liable. Automobiles*:
*chauffeurs.*

A master is not liable to third persons for the negligence of
his servant, if at the time of the accident the servant was not
acting within the scope of his employment, but was acting con-
trary to his master's express orders and exclusively for his own
individual purpose.                                      p. 315

A chauffeur having been sent back with his master's auto-
mobile from Virginia and ordered to take the machine to the
garage in Baltimore City, instead of so doing, when near Balti-
more spent the day driving about with friends and going from
road house to road house with them, and while so engaged ran
into and injured the plaintiff's carriage; *held,* that under such
circumstances the servant alone was responsible for the conse-
quences of his negligence.                              p. 315

*Decided June 25th, 1913.*

Appeal from the Superior Court of Baltimore City (DAW-
KINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*W. Stuart Symington, Jr.,* for the appellant.

No appearance for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant placed his automobile and chauffeur at the disposal of his brother for a trip from Baltimore to Virginia. After being used for that purpose the car was brought back to Baltimore by the chauffeur alone under instructions to take it direct to Griffin's garage. Upon reaching the suburbs of the city in the early afternoon, instead of obeying his orders by proceeding to the destination mentioned, he diverted himself during the remainder of the day by driving around to various road houses and saloons, accompanied part of the time by five of his acquaintances who joined him at one of the places thus visited. While returning with his companions about nine o'clock in the evening to the point from which he started on this excursion he negligently ran the car into the rear of the appellee's buggy and caused the injuries for which recovery is sought in this action. His itinerary is thus described by the testimony: From Arlington in the suburbs he drove to the Seven Mile House and back; then over to Park Heights avenue to the Suburban and Gray's Road House; then to the Five Mile House on the Reisterstown road, where he found the friends referred to and also a blacksmith whom he drove to the Maryland General Hospital to be treated for an injured leg; then back to the Five Mile House; then to Brodie's on the Liberty road; then to Forney's saloon beyond Mt. Hope Gate; then back

towards Arlington along the Reisterstown road, at which time and place the accident occurred; and then to the garage of the Green Spring Valley Club where the automobile was left for the night.

A judgment was recovered by the appellee against the owner and chauffeur jointly. The appeal is by the owner alone, a writ of summons and severance having been granted upon his application.

Upon the facts we have recited, as to which there is no dispute, we have no hesitation in deciding, as a matter of law, that the appellant is not liable in this action, and that the instruction he proposed to that effect should have been granted. The proof makes it perfectly clear that even if the chauffeur be regarded as the servant of the appellant rather than of his brother, during the period in question, he was not at the time of the collision acting within the scope of his employment, but was using the automobile contrary to the express orders to which he was then subject and exclusively for his own individual purposes. The decisions are unanimous in holding that under such circumstances the servant is solely responsible for the consequences of his negligence.

In *Colwell* v. *Aetna Bottle and Stopper Company* (R. I.), 82 Atl. 388, a chauffeur was directed by the owner of an automobile to drive it to a garage, but used the car to take a co-employee home and to go for his supper, and while so doing collided with another automobile. Upon this state of facts it was held that the chauffeur was not acting in the course of his employment at the time of the accident and that the owner was not liable. In discussing the conduct of the chauffeur the Court said: "When he first arrived at the garage on Bradford Street it was his duty, then, to take the automobile into the garage, and wash it and put it up for the night. That was all that he was instructed or expected to do. He had no authority, either express or implied, to use the machine for the benefit of another employee, or for his own convenience, in going to get his

supper. His use of the automobile from the time he left the Bradford Street Garage and during the whole circuit that he made from that point to Potter Avenue and from there to the restaurant on Westminster Street and from there back to the Bradford Street Garage, was unauthorized and beyond the scope of his employment."

In *Steffen* v. *McNaughton,* 142 Wis. 49, the accident for which the suit was brought happened while the defendant's chauffeur was alone in the automobile and was going to his home for dinner. Under his contract of employment the chauffeur was to provide himself with meals. He had previously used the car a number of times in going to his home for that purpose, but without the knowledge of his employer. The relation of master and servant was held to have been suspended at the time of the accident, and the defendant owner was exempted from liability.

The case of *Danforth* v. *Fisher,* 75 N. H. 111, 71 Atl. 535, is thus stated by the Court: "At five o'clock on the day of the accident, McCauley, who was employed by the defendant as a chauffeur, took the automobile from the place where it was kept, drove to the defendant's store, and awaited orders. He was told to get his supper and to be at the New City Hotel with the automobile at a quarter before 7 o'clock. After he had eaten supper, instead of taking the car to the hotel, according to the defendant's orders, he drove to West Manchester, a mile or two distant from his boarding place and in an opposite direction from the hotel, for the purpose of calling upon a friend. At the time of the accident he had finished his call and was on his way to the hotel. Although the evidence shows that McCauley was the defendant's servant, and that he drove the automobile against the plaintiff's horse and caused the animal to run away, it also shows that he took the automobile without the defendant's permission and went with it on an errand of his own; that he was acting for himself, and not for the defendant, at the time. As it cannot be found from the evidence that McCau-

ley was doing what he was employed to do at the time the plaintiff was injured, there was no error in the order of non-suit."

In *Northup* v. *Robinson* (R. I.), 82 Atl. 392, the facts as narrated in the opinion were as follows: "The plaintiff was thrown from his bicycle by a collision with an automobile owned by the defendant and operated by his chauffeur. The chauffeur started out that morning from the defendant's house to go to the postoffice and express office at Wakefield for his employer. After leaving the postoffice, instead of going to the express office or returning to the defendant's home, he started to deliver a note from the gardener, who was employed on the defendant's premises, to the gardener's wife, who lived on another road beyond the postoffice some distance from the route between the postoffice, the express office, and defendant's home. At the time of the collision, he was undertaking this errand with the automobile without the knowledge or consent of the defendant, and solely to accommodate the gardener." The Court said: "This act was not in furtherance of the defendant's business, and was not done under authority or permission either express or implied. It was an independent journey, exclusively his own." It was held that the verdict had been properly directed for the defendant.

The Supreme Judicial Court of Massachusetts, in a case where the accident occurred while the chauffeur, who was ordered to take the automobile from the garage to a shop less than a mile distant, was driving a friend to a point six miles away to get a chain for his own use, declared the rule to be that "the master is not liable if the servant has abandoned his obligations, and is doing something not in compliance with the express or implied authority given, and is not acting in pursuance of the general purpose of his occupation or in connection with the doing of the master's work." *Fleischner* v. *Durgin,* 207 Mass. 435.

The cases already cited sufficiently illustrate the principle which must be applied to the facts now under review, but there are numerous other decisions to the same general effect: *McCarthy* v. *Timmins,* 178 Mass. 378; *Fiske* v. *Enders,* 73 Conn. 338; *Howe* v. *Leighton* (N. H.), 75 Atl. 102; *Jones* v. *Hoge,* 47 Wash. 663; *Slater* v. *Advance Thresher Co.,* 97 Minn. 305; *Doran* v. *Thomsen,* 76 N. J. Law, 754; *Lewis* v. *Amorous,* 3 Ga. App. 51; *McIntire* v. *Hartfelder-Garbutt Co.,* 9 Ga. App. 327; *Fielder* v. *Davison* (Ga.), 77 S. E. 618; *McNeal* v. *McKain* (Okla.), 41 L. R. A. (N. S.), 779; *Reynolds* v. *Buck,* 127 Iowa, 601; *Daily* v. *Maxwell,* 152 Mo. App. 415; *Patterson* v. *Kates,* 152 Fed. 481; *Quigley* v. *Thompson,* 211 Pa. St. 107; *Lotz.* v. *Hanlon,* 217 Pa. St. 339; *Clark* v. *Buckmobile Co.,* 107 N. Y. App. Div. 120; 94 N. Y. Supp. 771; *Stewart* v. *Baruch,* 103 N. Y. App. Div. 577; 93 N. Y. Supp. 161; *Cunningham* v. *Castle,* 127 N. Y. App. Div. 580; 111 N. Y. Supp. 1057; *Douglass* v. *Hewson,* 142 N. Y. App. Div. 166; 127 N. Y. Supp. 220; *Story* v. *Ashton,* L. R. 4 Q. B. 476; *Mitchell* v. *Crassweller,* 13 C. B. 235.

In 28 *Cyc.* 39, the rule is stated to be that the owner is not liable "where the servant or chauffeur, although originally taking the vehicle out for the owner's use, deviates from the owner's business and goes upon some independent journey for his own or another's pleasure or benefit." The same conclusion is expressed in *David's Law of Motor Vehicles,* section 216; *Berry, Law of Automobiles, sections* 138, 145; *Babbitt, Law of Motor Vehicles,* sections 570, 570A, and *Huddy, Automobiles,* 3rd Ed., sections 32, 269.

In a number of the cases above cited the contention was made that an automobile is a dangerous instrumentality and that a master who trusts such a machine to his servant for use on a public highway is chargeable for injuries resulting from the servant's negligence, but this theory has been uniformly rejected.

While this Court has not heretofore had submitted for its decision an issue arising upon facts analagous to those shown by this record, it has repeatedly applied the general and elementary rule that the master is liable for the negligent act of the servant only when it is committed within the scope of the service for which he is employed. *Evans* v. *Davidson,* 53 Md. 245; *Steinnan* v. *Laundry Co.,* 109 Md. 62; *Beiswanger* v. *Bonding Co.,* 98 Md. 296; *Carter* v. *The Howe Machine Co.,* 51 Md. 290; *Central Railway Co.* v. *Peacock,* 69 Md. 257. There is nothing in the statutory law of the State relating to the use of motor vehicles that is inconsistent with this well settled principle of the common law. Code, Article 56, sections 133-161.

The exceptions contained in the record relate in part to the admissibility of evidence and also dispute the liability of the appellant upon the ground that the chauffeur was in the service and pay of the appellant's brother during the trip to and from Virginia. We do not find it necessary to pass upon these questions as the point we have considered is conclusive of the case. The judgment will accordingly be reversed as to the appellant, and we find no occasion to award a new trial.

> *Judgment reversed as to the appellant, without awarding a new trial; the appellee to pay the costs of the appeal.*