## DEARHOLT MOTOR SALES COMPANY

### *vs.*

## WILLIAM MERRITT.

*Negligence: motor trucks; agency; proof of—; declaration of party; drivers of vehicles; presumption.*
*Province of Court and Jury.*

The declarations of one who claims to be an agent are not admissible to bind the principal until the agency is first clearly established.                                    p. 328

While, in general, it is a reasonable presumption that a person driving the team of another is the agent or servant of the owner of the team, yet where the uncontradicted evidence clearly shows that the person in possession of the vehicle was not at the time agent or servant of the other, there can be no recovery against the owner for injuries occasioned by such person, and the case should be withdrawn from the jury.    p. 330

It is the province of the Court to determine whether there is any evidence to prove a fact, and for the jury to determine the weight of the fact.                               p. 330

*Decided December 5th, 1918.*

Appeal from the Superior Court of Baltimore City. (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*J. LeRoy Hopkins,* for the appellant.

*Henry O. Levin* and *E. Milton Atfield* submitted a brief for the appellee.

THOMAS, J., delivered the opinion of the Court.

This suit was brought to recover for injuries alleged to have been caused by the negligence of the defendant's servant while operating an automobile truck of the defendant on one of the streets of Baltimore City.

The accident occurred about noon on the 8th of October, 1917. The plaintiff, who was about eighty-three years of age, and who had been attending Court, entered a jitney bus at the corner of Holliday and Fayette streets to go to his home. The jitney bus, as it proceeded in an easterly direction on Fayette street, was followed by an automobile truck, and when the bus stopped at the corner of Fayette street and Montford avenue to allow the plaintiff to get out, just as he was in the act of alighting, with his foot on the step of the bus, the truck ran into the rear of the bus and injured his foot.

This appeal is by the defendant from a judgment in favor of the plaintiff for $200.00, and the Record contains two exceptions. The first exception is to the ruling of the Court below on a motion to strike out certain evidence, and the second is to the Court's action on the prayers.

After offering evidence tending to show negligence on the part of the driver of the truck, and the extent of the plaintiff's injuries, the plaintiff asked his witness, Harry H. Bryan, who had stated that he was a traffic officer of the Baltimore City Police Force, and who was riding on the bus and saw the accident, "whether the driver of the truck made any statements at the time of the accident, or immediately thereafter." The question was objected to by the defendant, and the Record states that "the Court ruled that he would admit, subject to exception, any evidence as to statements made by the driver of the truck at the time of the

accident or immediately thereafter." The witness then testified as follows: "Q. Was anything said by the driver immediately after the accident, and if so, what? A. I got off, and went to the chauffeur and asked him did he have an operator's card, and he said, No, I haven't got any; I asked him his name, and he gave me his name. Q. What was it? A. Frank Schlossler, if I have it right. Q. What is his address? A. He gave it as 1712 Greenmount avenue. Q. Was he a young or a old man? A. A young man; he appeared to be 20 or 21 years old. Q. Go ahead with your testimony? A. I then asked him who owned the bus (truck) and he told me the Dearholt Motor people; and I asked him where they had their business and I think he gave me the same addresses that he gave me before, 1712 Greenmount avenue; I asked him if he was an employee or not of the Dearholt people, and he said he was, that he was at that present time, right at the accident, the time of the accident; meanwhile, the old man was put on the bus, as was stated before, and was taken to St. Joseph's Hospital, and we came back from the hospital, after the old man's foot had been bandaged to the station house and the charge was put against this young man of operating an automobile without an operator's card."

Immediately below the answer to the last question, the Record contains the note: "(Objected to; struck out.)"

The plaintiff also produced as a witness the driver of the bus, Harry Champness, who described how the accident occurred, and said that he heard the conversation between the police officer, Bryan and the driver of the truck immediately after the accident. He was asked my the plaintiff the following question: "What, if anything, did the chauffeur say to the officer?" The question was objected to by the defendant, "but the Court permitted the question to be answered, and admitted the evidence, subject to exception," and the witness replied: "He gave his name and address and said he was going to dinner with the truck and that he was the

agent of the Dearholt Motor people and that he was going to dinner; that he was going to dinner first; he was right on his way to dinner."

Further evidence was offered by the plaintiff tending to show negligence on the part of the driver of the truck, and the Record then states that the defendant at the request of the plaintiff, admitted that the truck was the property of the defendant, the Dearholt Motor Sales Company, but denied that the driver was its agent, and that the plaintiff closed his case.

The defendant proved by Henry L. Dearholt, the president of the defendant company, and by his son, John Edward Dearholt, and by Charles W. Small, who were employed by the defendant, that Frank Schlossler, the driver of the truck, was not on the day of the accident and had never been employed by the defendant; that he lived in the neighborhood of the defendant's place of business, but worked for the Crown Cork and Seal Company; that on the morning of the accident, the truck had been placed in front of the defendant's place of business, and that Schlossler had taken it from that place without the knowledge or consent of the defendant or any of its officers or employees.

At the close of the testimony, the defendant "moved the Court to strike from the Record the testimony of the officer, Harry H. Bryan, and Harry Champness as to the alleged admissions by Schlossler after the accident, in which Schlossler said that he was the agent of the Dearholt Motor Sales Company and that he was going to deliver the truck and that he was in the employ of the Dearholt Company, and such other admissions or statements to the same effect," and the Record states that the Court "struck out that portion of the witnesses' testimony where they stated that he was agent for the Dearholt Motor Sales Company, but refused the motion as to the part of the testimony, as to who employed him and that he was going to deliver the car." The first exception is to this ruling of the Court below, and the second is to

the overruling of defendant's exception to plaintiff's prayer; the granting of the plaintiff's prayer, and the rejection of certain prayers of the defendant, including the defendant's first and second prayers, by which the Court was asked to instruct the jury that there was no evidence in the case legally sufficient to show that the driver of the truck was the agent or servant of the defendant, and that the verdict of the jury should therefore be for the defendant.

It is not clear from the Record whether the evidence referred to in the first exception was allowed to go to the jury or was stricken out by the Court below. As we have said immediately below the testimony of the officer, Bryan, giving the declarations of Frank Schlossler is a note that it was objected to by the defendant and stricken out by the Court, yet the same evidence is referred to in defendant's motion at the conclusion of the testimony, and the Record there states that the Court refused to strike out the declarations of Schlossler that he was employed by the defendant. Moreover, the appellant's counsel, while insisting that the evidence of Bryan was stricken out, devotes a part of his brief to the first exception and to a discussion of the admissibility of the evidence.

The general rule that agency cannot, as against the principal, be proved by the admissions or declarations of the agent is admitted by counsel for the appellee, but the theory of the appellee is that where there is evidence tending to establish the agency the declarations of the agent become admissible for that purpose, and that in this case the presumption arising from the admission that the truck belonged to the defendant, namely, that it was in the possession of the defendant's servant, was sufficient to justify the admission in evidence of the declarations of the driver to establish the agency. The difficulty about this view is that the Record shows that at the time the declarations of the driver were offered in evidence and admitted subject to exception, no evidence at all had been offered to show that the defendant

owned the truck, or that it was in the possession of the defendant's servant, the admission that the truck was the property of the defendant, coupled with a denial that the driver was its agent, having been made at the close of the testimony.

In the case of *Nat. Mech. Bank* v. *Nat. Bank of Balto.*, 36 Md. 5, the Court said: "In *Rosenstock* v. *Tormey,* 32 Md. 182, this Court, alluding to the practice of allowing parties to introduce evidence which was irrelevant *'per se,'* upon the assurance of counsel, it would be followed up by evidence which would make it relevant, remarked: 'We are not aware of any decision that has applied the rule to a case where declarations or acts of agents are offered for the purpose of binding principals. On the contrary, it is plainly said in *Marshall* v. *Haney,* 4 Md. 511, that the declarations of an agent are not admissible to bind the principal under any circumstances until the agency is first clearly established, and the language of the Court in *Atwell* v. *Miller,* 11 Md. 359, is to the same effect.'——

" 'This authority or agency, need not be proved by writing; it may be inferred from facts and circumstances, from the permission and acceptance of his services, and subsequent adoption and ratification of his acts will suffice. But before his admissions, declarations or acts were admitted to bind the defendants, we think the Court should have required the production of *some proof* tending to show the existence of such agency or authority.' " The case of *Fifer* v. *Clearfield Coal Co.,* 103 Md. 1, and many others that might be cited are to the same effect. Therefore, even if the contention of the appellee, that where some evidence tending to show agency has been offered the declarations of the agent becomes admissible *for that purpose* be accepted as sound, and it be further conceded that the admission that the truck was the property of the defendant was *some evidence* of agency within the meaning of that rule, it is clear that under the decisions referred to the declarations of Schlossler were not admissible at the time they were offered.

This brings us to a consideration of the defendant's first and second prayers. The declaration alleged, and the burden of proof was on the plaintiff to show that the injury he sustained was caused by the negligence of the defendant's agent or servant. The appellee claims that that burden was met by the admission that the truck belonged to the defendant, from which fact there was a presumption that the truck was in the possession of the defendant's servant or agent; that that presumption cast the burden on the defendant to show that Schlossler was not its servant or agent, and that with the burden on the defendant the question of agency was one for the jury and not for the Court to decide.

In *Vanderhorst Brewing Co.* v. *Amrhine,* 98 Md. 406, after referring to the cases of *Joyce* v. *Capel & Slaughter,* 8 Car. & Pay., 370, and *Edgeworth* v. *Wood,* 58 N. J. L. 463. the Court said: "It is a reasonable presumption that a person driving a team of another is the agent or servant of the owner of the team, unless it be shown by the owner of the team that the contrary is the fact." This language of the Court was quoted by JUDGE BURKE in *Geiselman* v. *Schmidt,* 106 Md. 580, and in the case of *Stewart Taxi Co.* v. *Getz,* 118 Md. 171, JUDGE PEARCE, speaking for the Court, said: "If there had been evidence tending in any manner to identify the taxicab as the property of the defendant, the inference might have been justified that the defendant was in its possession and control by the driver as its servant, in the absence of proof to the contrary, as was held in *Vanderhorst Brewing Co.* v. *Amrhine,* 98 Md. 411." In the case of *Symington* v. *Sipes,* 121 Md. 313, where the Court held that the plaintiff was not entitled to recover, JUDGE URNER said: "The proof makes it perfectly clear that even if the chauffeur be regarded as a servant of the appellant rather than of his brother, during the period in question, he was not at the time of the collision acting within the scope of his employment, but was using the automobile contrary to the expressed orders to which he was then subject and exclusively for his

own purposes. The decisions are unanimous in holding that under such circumstances the servant is solely responsible for the consequences of his negligence," and in the still later case of *Debelius* v. *Benson,* 129 Md. 693, where the ruling of the lower Court withdrawing the case from the jury was approved, this Court, speaking through JUDGE STOCKBRIDGE, said: "Under the most favorable aspect for the plaintiffs that can be taken of this case, the admission in open Court of the defendants, together with the testimony had, established the ownership of the machine, and the fact that the person operating it was an employee of the defendants, and that the burden of proof, therefore, rested upon the defendants to show that at the time of the accident, the servant was not engaged directly or indirectly upon any work or mission of his employer; more than that cannot be claimed for the case, as made out by the evidence, and this burden the defendants by their testimony fully met." The established doctrine as to the respective provinces of the Court and jury, is, that it is the province of the Court to decide whether there is *any evidence* to prove a fact and for the jury to determine the weight of the evidence. *Nat. Mech. Bank* v. *Nat. Bank of Baltimore, supra.* Whether in view of that doctrine, the more accurate statement of the rule deducible from the cases mentioned, is as suggested by the language of JUDGES McSHERRY and PEARCE, that the *unexplained possession* of the machine or vehicle of another justifies the inference or presumption that the person in actual possession was the agent or servant of the owner, we need not stop to consider, for the effect of the Maryland cases referred to is that where the evidence in the case, whether produced by the plaintiff or by the defendant, is uncontradicted and clearly shows that the person in possession of the vehicle or machine was not at the time of the accident the servant or agent of the owner there can be no recovery against the owner, and that the case should be withdrawn from the jury.

The case of *Stewart Taxi Service Co.* v. *Roy,* 127 Md. 70, is relied upon by the appellee as establishing the contrary rule. But upon a careful examination it will be found that this Court held that the case was properly submitted to the jury because of the unsatisfactory character of the evidence produced by the defendant to show that Ennis, who operated the cab, was not acting as the servant or with authority of the defendant. In reference to that feature of the case, JUDGE BURKE said in conclusion: "The evidence offered by the defendant to show that Cassiday had no authority to send the machine out to be tested is not of such a character as to have warranted the Court, under the circumstances of this case, in deciding that Ennis was not the defendant's agent. That question was properly left to the jury under the facts in evidence." As we have said, in the case at bar, the uncontradicted evidence produced by the defendant clearly shows that Schlossler never had been employed by the defendant, and that he took the car from the defendant's place of business without the knowledge or consent of the defendant or of any of its officers or employees, and as the declarations of Schlossler were not admissible to prove that he was the defendant's agent or servant, the Court below erred in submitting the case to the jury. We must therefore reverse the judgment appealed from without awarding a new trial.

*Judgment reversed, with costs, without*
*awarding a new trial.*