## JENNIE R. NATTANS v. MYRON S. COTTON.

*Automobile Accident—Liability of Owner—Negligence of Chauffeur—Scope of Employment.*

Proof that the automobile which caused the accident was owned by defendant, and was driven by her chauffeur, created a presumption that he was then engaged in a duty incident to the service for which he was employed.       p. 469

Such presumption is rebuttable, and where the uncontradicted evidence clearly proves that the chauffeur was not serving any duty within the scope of his employment, conclusive instructions to that effect are properly granted.       p. 469

But defendant's evidence that she had supposed that the car was at the time waiting at her daughter's house, where she was spending the evening, and that she did not know for what pur-

pose the chauffeur was using the car, which was being driven in the direction of the house, was not sufficient to overcome the presumption as a matter of law, so as to justify the withdrawal of that issue from the jury. pp. 469, 470

Decided April 8th, 1926.

Appeal from the Baltimore City Court (DUKE BOND, J.).

Action by Myron S. Cotton against Jennie R. Nattans. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

Walter V. Harrison, for the appellant.

Benjamin H. McKindless, with whom was Derlin Mc-Kindless on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The sole question in this case is whether there is uncontradicted evidence rebutting the presumption that the defendant's chauffeur, while driving her automobile at the time of its collision with the plaintiff's car, was acting within the scope of his employment. It is conceded that negligence on the part of the defendant's chauffeur was proved by legally sufficient evidence to have caused the accident. No personal injury resulted from the collision, but the plaintiff's car was damaged, and in this suit, for the amount of the repair bill, he recovered a judgment, from which the defendant has appealed.

The accident happened about eleven o'clock at night, as the defendant's automobile was being driven northwardly on Park Heights Avenue in the suburbs of Baltimore. The defendant's chauffeur was the only occupant of her car. During the afternoon of the same day he had conveyed the defendant in the automobile to the home of her daughter, where she spent the evening. The car was being driven

in the direction of her daughter's home at the time of the collision. It was testified by the defendant that her chauffeur was under instructions to return for her at half-past ten o'clock. At his request she had given him car fare to "go for his supper." When she was notified of the accident, the defendant learned for the first time that the car had not remained on her daughter's premises. Her impression was that it had been left there by the chauffeur. It had not been driven elsewhere that evening by her order. On cross-examination she testified in part as follows: "Q. Did you tell your chauffeur when to call for you? A. About half-past ten he usually called for me. Q. He usually called for you in the machine to bring you home? A. Yes. Q. Was he to call for you in the machine to bring you home that night about half-past ten? A. He was to call for me. Q. He was to call for you? A. Yes, he was to take me home from there. Q. You visit your daughter very frequently? A. I do on and off. I have not a specified time to visit her. Q. Of course, not a specified time, but would you say about once a week? A. About. Q. And your chauffeur would come from the garage out to Park Heights Avenue to your daughter's to get you, would he not? A. That I don't know. He is supposed to remain there and wait for me. Q. But he did not always remain? A. I never watched him. He is supposed to be there."

The chauffeur did not testify. He was not in the service of the defendant when the case was tried, and apparently could not be located.

The policeman who notified the defendant of the accident and accompanied her when she went in a taxicab to the place of the collision, testified that she asked the chauffeur "what he was doing with the car," but to this inquiry he appears to have made no reply.

There is no other testimony reflecting upon the question raised by the single exception in the record, which complains of the refusal of the trial court to withdraw the case from the jury on the theory that, according to the uncon-

tradicted evidence, the chauffeur operating the defendant's automobile "was not at the time of the accident engaged in any act or duty connected with the business" of his employer. The exception was also directed to the plaintiff's granted prayer, which submitted for the jury's consideration the question whether the chauffeur was acting within the scope of his employment when the accident occurred.

The proof that the automobile which collided with the plaintiff's car was owned by the defendant, and driven by her chauffeur, created a presumption that he was then engaged in the performance of a duty incident to the service for which he was employed. *Salowitch v. Kres,* 147 Md. 23; *Jordan Stabler Co. v. Tankersly,* 146 Md. 454; *Lewis v. Johnson,* 146 Md. 115; *Myers v. Shipley,* 140 Md. 380; *Whitelock v. Dennis,* 139 Md. 566; *Dearholt Co. v. Merritt,* 133 Md. 323; *Stewart Taxi Service Co. v. Merritt,* 127 Md. 70; *Vonderhorst Brewing Co. v. Amrhine,* 98 Md. 406. Such a presumption is rebuttable, and in cases where the uncontradicted evidence clearly and positively proves that the driver was not in fact serving any purpose within the scope of his employment, conclusive instructions to that effect are properly granted. *Pollock v. Watts,* 142 Md. 403; *Dearholt Co. v. Merritt, supra; Debelius v. Benson,* 129 Md. 693; *Symington v. Sipes,* 121 Md. 313. But there is no such evidence in the case now presented. The testimony of the defendant merely proves that she had no knowledge of the purpose for which the chauffeur was using the car at the time of the collision. There is no proof that the automobile was then used contrary to any specific or general orders to which the chauffeur was subject. It was supposed by the defendant that the car had been left at the place where she was visiting, but when asked whether he usually called for her there in the car to take her home, she answered in the affirmative. The fact that the chauffeur had asked for and received money for his car fare when he was going to his supper suggests that he probably did not use the automobile for that purpose. It is inferable that he returned to the house of the de-

fendant's daughter after supper and then drove the car to a place and for a purpose which the evidence does not indicate. It may have been necessary for him to take the car to a garage for a supply of oil or gasoline or for some attention to the mechanism. If he was returning from such a mission when the car ran against the plaintiff's automobile, the defendant certainly could not be exempted from liability for her chauffeur's negligence on the ground that he was acting beyond the scope of his duty. In the absence of any proof that he was then using the car for a purpose not authorized by his employment, the presumption to the contrary arising from the fact of the defendant's ownership and his operation of the car was sufficient to prevent the withdrawal of that issue from the jury. It was correctly submitted by the instruction granted at the plaintiff's request, and the defendant's prayer, which sought a directed verdict in her favor, was properly refused.

*Judgment affirmed, with costs.*