By the Court.
 

 The principle of law here involved is well-settled and is not disputed by counsel. Its application to the evidence is the problem.
 

 The defendant contends that the record' discloses nothing about which reasonable minds can differ on the question of agency, and that therefore the case should not have been submitted to the jury. Specifically, is there evidence tending to prove that at the time of the collision the driver of the defendant’s delivery truck was acting within the scope of his employment?
 

 Many of the operative facts are not in dispute. The defendant operated a general store in or near an unincorporated community known as Lansing located in Belmont county, Ohio. For the purpose of making deliveries to his customers he employed a twenty-year-old nephew to drive his truck. On the morning of March 24, 1937, several packages of ordered merchandise were placed in the truck for delivery to various houses, the nearest of which was approximately 300 feet from the store and the farthest within one-half mile. While engaged in making these deliveries the nephew chanced to meet two other young men of about his own age. They requested him to take them 2.2 miles distant to the office of a certain coal mining company in order that they might obtain statements of wages due them for their work. Without communicating with the defendant and with one undelivered package of merchandise remaining in the truck, the three young men began the proposed trip. They visited the office and then proceeded a quarter of
 
 *23
 
 a mile beyond. Then they turned and started homeward. The collision occurred very shortly thereafter when they still were almost 2 miles from home. The delivery truck ran or skidded to the left side of the highway into the path of the automobile the plaintiff was driving in the opposite direction.
 

 The evidence is such as clearly to justify a recovery by the plaintiff from the driver of the truck, but he has not been sued. It is the contention of the plaintiff that the principle of
 
 respondeat superior
 
 applies and that therefore the defendant likewise is liable although the driver had abandoned his delivery work and had driven the truck a total distance of approximately 2% miles out of his proper course without either the consent or knowledge of his employer. The theory of the plaintiff is that in making this trip the driver of the truck was serving the defendant by assisting his two companions to arrange for the securing of their wages which might later be spent in the defendant’s store. The plaintiff also emphasizes the evidence that the parents of the driver’s two companions were customers of the defendant, and that part of the sons’ wages ordinarily had been paid on the parents’ accounts. It appears further that in various ways the defendant made an effort to oblige his customers and thereby cultivate their good will, but he never had permitted the driver to use the truck for any purpose except deliveries.
 

 The plaintiff contends also that even if the driver had departed from his employer’s business, he was in the process of returning to his delivery duties and intended to take the one remaining undelivered package to the purchaser. However, the manifest difficulty with this view of the matter is that at the time of the collision the driver still was almost 2 miles from the point of departure and had in no sense re-engaged in discharging his duties for his employer. During the pendency of the motion for a new trial the defendant
 
 *24
 
 offered new evidence tending to show that his nephew had even relinquished the driving of the truck to one of his companions who was operating it when the collision occurred. However, the plaintiff is of course entitled to the benefit of every favorable inference that can reasonably be drawn from the evidence in the record. But even after giving the plaintiff this advantage this court is clearly of the opinion that the submission of the question of agency to the jury was unwarranted and prejudicially erroneous. Therefore the judgments below must be reversed and this court must render final judgment in favor of the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.