## A. S. ABELL COMPANY *v.* I. SOPHER, ETC.

[No. 16, October Term, 1941.]

Decided November 6th, 1941.

The cause was argued before SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Raymond A. Kirby* and *J. Gilbert Prendergast,* with whom was *Clark, Thompson & Smith* on the brief, for the appellant.

*L. Wethered Barroll,* for the appellee.

FORSYTHE, J., delivered the opinion of the Court.

The appellant, the A. S. Abell Company, appeals from a judgment recovered against it in the Baltimore City Court, in favor of the appellee, I. Sopher, trading as Richman Brothers.

The suit arose out of a collision, on July 18th, 1940, between trucks belonging to the appellant and the appellee. The appellant's truck was in charge of, and being operated by one of its employees, Walter M. Barnsley.

At the trial of the case, and after all of the evidence had been offered, the appellant offered two prayers, A and C, asking for an instructed verdict in favor of the appellant. The Court refused both prayers, which resulted in exceptions, and this appeal.

The prayers were based on the uncontradicted, and undisputed evidence of the driver of appellant's truck, Barnsley, which the appellant contends, shows that at the time of the collision of the trucks the driver of the appellant's truck was not engaged in the appellant's business, but was on a mission of his own, entirely outside of his employment.

The testimony of Barnsley is, that on the morning of the accident, he had left the A. S. Abell building at Baltimore and Charles Streets, with the truck in which there were packages of proof to be delivered by him to business houses in various parts of the city. His first stop in delivering the packages of proof was at Howard and Lexington Streets, where he delivered proof to three department stores. From there he proceeded, in a general northerly direction, to Eutaw Street and Madison Avenue and left a package of proof. Then Barnsley continued on his route, almost due westerly, to the 2100 block of West Lafayette Avenue, and made another delivery of proofs. From that point, Barnsley testified, he drove the truck directly to Gwynn Oak Junction, a distance of about two and a half miles, to pick up a package and take it to the home of his mother at 3806 Forest Park Avenue; that after getting his package at Gwynn Oak Junction, and while on his way to his mother's home, the accident happened. The scene of the accident was at the intersection of Main and Grenada Avenues, several blocks from his mother's home, and between it and Gwynn Oak Junction. Barnsley further testified he had no proofs to deliver in the neighborhood of Gwynn Oak Junction, or the home of his mother on Forest Park Avenue, or anywhere near the scene of the accident.

Barnsley also testified that when he went to Gwynn Oak Junction he had other packages of proof in the truck, which were to be delivered on Druid Hill Avenue, North Avenue Market, at North and Maryland Avenues, and to a place of business in the 1700 block of North Charles Street. It was his intention, he said, to leave those packages on his way to the appellant's offices, after he had finished his personal mission at Gwynn Oak Junction.

No evidence was offered to contradict Barnsley, but evidence was offered that at the time he was employed by the appellant to drive one of its trucks, he had been

given express instructions to the effect that he was permitted to use the truck only for the appellant's business, and he signed a card which stated that if he violated those instructions he would lose his job.

The question of whether the evidence is legally sufficient to justify submitting a case to a jury has been considered by this Court in a great number of cases, and it has uniformly been held that "each case depends largely upon its own facts and the construction to be adopted with reference to them." *McDowell, etc., v. Magazine Service,* 164 Md. 170, 173, 164 A. 148, 149.

The law is well settled in this State, as elsewhere, that when the undisputed, and uncontradicted evidence clearly discloses that a servant has committed an act of negligence, at a time when he was not acting within the scope of his employment, the question of the employer's liability should not be allowed to go to the jury, but becomes properly a question for the Court. *McDowell, etc., v. Magazine Service, supra; Wells v. Hecht Bros. & Co.,* 155 Md. 618, 142 A. 258; *International Co. v. Clark,* 147 Md. 34, 127 A. 647; 22 *C. J.* 124. In *Phipps v. Milligan,* 174 Md. 438, 199 A. 498, this Court said: "Where the evidence to rebut the presumption that the driver of the automobile is the owner's agent is uncontradicted and conclusive, the Court may declare the non-liability of the owner as a matter of law." *Wagner v. Page,* decided May 20th, 1941, 179 Md. 465, 20 A. 2nd 164; *Pennsylvania R. Co. v. Lord,* 159 Md. 518, 526, 151 A. 400, and cases there cited. In *Wagner v. Page, supra,* 20 A. 2nd, 166, it is stated "as a general rule * * * the operator of a motor vehicle is *prima facie* the agent and servant of its owner, but the presumption is a rebuttable one, and when uncontradicted and conclusive evidence is presented which shows that the driver was not in the service of the owner, it becomes the function of the trial Court to declare the owner not liable." *Pollock v. Watts,* 142 Md. 403; 121 A. 238; *Dearholt v. Merritt,* 133 Md. 323, 105 A. 316; *Symington v. Sipes,* 121 Md. 313, 88 A. 134, 47 L. R. A., N. S., 662; 5 *Blashfield,* Perm. Ed., sec. 3025.

The contention of the appellee in this case is that the driver of the appellant's truck had deviated from his route, in the service of his employer, only fifteen blocks, about two and a half miles, and having other packages of proof to deliver, merely had mixed his own business with that of his employer.

In support of that contention appellee relied upon *Jordan Stabler Co. v. Tankersly,* 146 Md. 454, 126 A. 65, and *McDowell, etc., v. Magazine Service, supra.* But in an examination of the Jordan Stabler case it will be found that there was a conflict of testimony in reference to the acts of the driver, Chapman, on the day of the accident. Some of the evidence tended to show that he had not entirely deviated from his employer's business, and it was for that reason held proper to submit the question to the jury. In the McDowell case this Court found there was no affirmative evidence that the driver was not, at the time of the collision, engaged in his employer's business, and said upon all the facts "there does not appear to have been any time after the driver left appellant's place of business that he was not engaged in his employer's business, even though, on the return trip, he mixed his own with it." In both of the above cases the Court fully adhered to the general rule as stated in *Symington v. Sipes, supra,* 121 Md. 313, 88 A. 136, 47 L. R. A., N. S., 662, "that the owner is not liable 'where the servant or chauffeur, although originally taking the vehicle out for the owner's use, deviates from the owner's business and goes upon some independent journey for his own or another's pleasure or benefit'."

It was also contended by the appellee, that because of the purely incidental fact that on the return trip from Gwynn Oak Junction to his mother's house, Barnsley was travelling in the general direction of the next stop he had to make in the discharge of his employer's business; he had not, by his detour to Gwynn Oak Junction, abandoned his employer's business, and was then returning to his duties.

That contention never has been accepted under circumstances similar to those in this case. But in a case very similar to this, in which a driver of a delivery truck in the course of making deliveries, deviated about two miles from his route to accommodate friends, and on his way back met with an accident, the Court said, "The manifest difficulty with this view * * * is that at the time of the collision the driver still was almost two miles from the point of departure and had in no sense re-engaged in discharging his duties for his employer." *Bauman v. Sincavich*, 137 Ohio St. 21, 27 N. E. 2nd 772, 773; *Fiocco v. Carver*, 234 N. Y. 219, 137 N. E. 309; *Pollock v. Watts, supra.*

From Barnsley's testimony it appears that had he followed his instructions on the day of the accident by taking the most direct route between the points at which he had to make deliveries of proof, he would have gone in a northerly direction to Druid Hill Avenue, and from that point easterly to North and Maryland Avenues. But he abandoned his deliveries of proof for his employer at the 2100 block of West Lafayette Avenue, and went in the opposite direction, for a distance of about two and one-half miles, on a mission entirely of his own. The particular point is that had he not gone on his own business, he could not possibly have been anywhere near the scene of the accident, Main and Grenada Avenues, in the discharge of his employer's business.

In view of this positive, uncontradicted, and conclusive evidence, the prayers for a directed verdict for the appellant should have been granted.

*Judgment reversed, without a new trial.*
*Costs to be paid by the appellee.*