JAKUBEK, APPELLEE, *v.* COCA-COLA BOTTLING CO. OF WARREN, INC., APPELLANT.

(No. 2855—Decided February 9, 1943.)

*Messrs. Barnum & Rees,* for appellee.
*Messrs. Stephens & Young,* for appellant.

PHILLIPS, J.  This case comes before us on defendant's appeal on questions of law from a judgment of the Court of Common Pleas and presents the single question whether at the time defendant's truck, which was being operated by its agent and employee, struck and injured plaintiff, such employee was engaged

within the course and scope of his employment with defendant or, conversely stated, whether he had deviated from the course and scope of such employment and abandoned his employer's business at that time.

Admittedly, plaintiff was injured while alighting from a streetcar in the westerly part of the city of Youngstown, which injury the jury found was the result of the negligence of defendant's employee in the operation of its truck. The amount of the verdict against defendant is not questioned.

The evidence discloses that defendant's employee lived in Youngstown and was employed by it in distributing advertising matter exclusively in Trumbull county and in portions of Geauga and Mahoning counties, which included no part of the city of Youngstown; that he drove his own automobile to and from his home to the city of Warren where defendant's truck, which he used in his work, was stored; and that he usually returned the truck to defendant's garage in such city at about six o'clock each day, although there is evidence that the garage was open 24 hours a day, there being no designated hour for the return of the truck.

It was stipulated "as a matter of record" that "from the time he [defendant's employee] tacked up his last sign or did any advertising work up to the time of the accident he had not tacked up any sign or done any advertising work for the company."

The evidence further discloses that on the fourteenth day of September, 1938, defendant's employee finished tacking up signs, to which reference is made in the stipulation, near Hubbard in Trumbull county at about five p. m., on which day his activities were confined exclusively to Trumbull county; that he did not drive directly to Warren, but, without communicating with his employer and without its knowledge or con-

sent, believing he was disobeying no instruction of his employer, drove about five miles from that place to the east side of the city of Youngstown, picked up a friend, drove about an equal distance farther to his home on the south side of that city, ate his dinner, changed his clothes, and, with his friend, started to Warren to store his employer's truck and get his automobile, from which city they intended to drive to Akron on an undisclosed mission; and that they had reached a point on the westerly side of the city of Youngstown, about three miles from his home, where plaintiff was struck at about eight o'clock.

While there is no evidence of probative value before us of the imposition of any contractual obligation upon defendant's employee to proceed by the most direct route from the place where he last did "any advertising work for the company" on that day to Warren, where his employer's truck was stored, or which forbade him to go outside his prescribed territorial limits, yet upon such evidence as was submitted to us and the law applicable thereto we are of opinion that defendant's employee left the course and scope of his employment with defendant when he drove to Youngstown, called for his friend, for a purpose, as far as the evidence discloses, not connected with his employer's business, then drove to his home, ate his dinner, which was incidental to the real mission of going to Akron, and changed his clothes, preparatory to going to that city.

This conclusion compels consideration of plaintiff's contention that even if the foregoing acts of the driver of defendant's truck constituted a deviation, such deviation had ended at the time plaintiff was struck, at which time she claims he had become re-engaged in discharging the duties of his employer by returning his employer's truck to the city of Warren.

However, as stated by the Supreme Court in the case of *Bauman* v. *Sincavich,* 137 Ohio St., 21, at page 23, 27 N. E. (2d), 772: ''The manifest difficulty with this view of the matter is that at the time of the collision the driver still was almost two miles from the point of departure and had in no sense re-engaged in discharging his duties for his employer'' notwithstanding in that case there was one undelivered package in defendant's truck.

In the instant case the driver of defendant's truck was about five miles from the nearest point where he could join the direct route which he could have pursued from the point of departure, where he last did ''any advertising work for the company,'' to the city of Warren, where defendant's truck was stored; was about fifteen miles and three hours away from such point of departure and a greater distance away from the city of Warren; and was not in the vicinity, area or environment of either place when plaintiff was struck.

In the language of the Supreme Court in *Bauman* v. *Sincavich, supra,* ''the plaintiff is of course entitled to the benefit of every favorable inference that can reasonably be drawn from the evidence in the record. But even after giving the plaintiff this advantage this court is clearly of the opinion that the submission of the question of agency to the jury was unwarranted and prejudicially erroneous.''

This court having reached the same conclusion in this case upon the evidence submitted as the Supreme Court reached in the case of *Bauman* v. *Sincavich, supra,* and under authority thereof, the judgment of the trial court is reversed, and, coming now to render the judgment which the trial court should have rendered, final judgment is entered in favor of defendant.

*Judgment reversed.*

CARTER, P. J., and NICHOLS, J., concur.