ROBERT L. TAYLOR *v.* WESLEY FREEMAN, INC.,
ET AL.

[No. 129, October Term, 1945.]

*Decided May 16, 1946.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Harry Leeward Katz* appeared on the brief for the appellant.

*Daniel E. Klein* appeared on the brief for Wesley Freeman, Inc.

*Helen . Elizabeth Brown* appeared on the brief for Harry R. Burgoon.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Robert L. Taylor, appellant here, plaintiff below, from a judgment for costs rendered in favor of Wesley Freeman, Inc., and Harry R. Burgoon, appellees here, and defendants below, as a result of a suit filed in the Superior Court of Baltimore City for damages in the amount of $284.02 to the automobile of the appellant.

The case was tried before the court sitting as a jury.

The automobile of the appellant was parked in front of his home, 2310 Harford Road, Baltimore City, on April

21, 1945. About 11 p. m. that night he heard a crash, ran from his house and found his automobile on the pavement considerably damaged with a truck jammed into its rear. The owner of the truck was one of the appellees, Wesley Freeman, Inc. It was agreed that the appellant's automobile had been damaged to the extent of $274.

The evidence shows that the defendant, Wesley Freeman, Inc., a plumbing and heating concern, operates seven days a week and renders twenty-four hour service to its customers. The defendant, Harry R. Burgoon, was employed as a plumber by that concern. His hours were irregular. Mr. Freeman, the president of the corporation testified that Burgoon was given a specific job to do at Goetze's plant, 2401 Sinclair Lane, Baltimore. The employer entrusted his truck to Burgoon on the date in question, a Saturday, and the following day, a Sunday, and sent him to do the job at the Sinclair Lane address. He was to work those two days on that job.

Burgoon testified that about 5.30 in the afternoon he left Goetze's plant, where he had worked that day, and drove his truck in the direction of his home at 2716 Berwick Avenue and stopped the truck about one hundred feet south of the most direct route between Goetze's plant and his home. After parking his truck he went into a restaurant where he says he ate some food and drank some beer and left the restaurant about eleven or eleven-thirty that evening. He said the truck, which could not be locked, because there were no locks on it or no door handles, was not where he parked it. He looked around for it and walked down toward 25th Street and says that there had been an accident on the opposite side of the street there. One of the cars involved in the accident was the truck he had parked. He said he left the truck headed north and when he found it at the time of the accident it was headed south. He said he did not go over to the truck or make an effort to take it home because he did not have a chauffeur's license and he was afraid he would get himself in trouble by going over to the truck and driving it away.

A police officer, Bernard J. Brooks, who investigated the accident, said that when he went to see the defendant, Burgoon, at his home, he did not want to say anything much about the accident. He would not say who was driving the truck. The police officer testified that he admitted that he was in the truck, but on cross-examination the officer could not say that Burgoon made the statement that he was in the truck at the time of the accident. Burgoon denied he told the officer he was in the truck.

It is well settled law of this state that the driver of an automobile is presumed to be the employee, servant, or agent of the owner. *Pennsylvania R. Co. v. Lord,* 159 Md. 518, 526, 151 A 400, and cases there cited. In that case this court decided that the provisions of the Subsec. (109), Sec. 28 of Article 75, as to denial of ownership in the next succeeding pleading did not change the existing law that the agency of the driver is not a conclusive presumption but can be rebutted. This presumption is only *prima facie* and may be rebutted and overcome by evidence to the contrary produced during the trial by any of the parties to the suit. Where such evidence is undisputed and not contradicted, it becomes properly a question for the court. *McDowell, etc. v. Magazine Service,* 164 Md. 170, 173, 164 A 148 and cases there cited; *A. S. Abel Co. v. Soper,* 179 Md. 687, 690, 22 A. 2d 462; *National Trucking & Storage, Inc. v. Durkin,* 183 Md. 584, 588, 39 A. 2d 687; State of Maryland for use of *Mitchell et al. v. Jones et al.,* 186 Md. 270, 46 A. 2d 623. The case before us was decided by the trial judge on the law and the evidence as provided by Rule 9, Trial by the Court.

Testimony of the president of the defendant corporation was to the effect that this truck was placed in the custody of the other defendant, Harry R. Burgoon, at the time of this accident and was loaned to him for the purpose of working on a job for the defendant corporation.

The defendant, Harry R. Burgoon, testified that he parked the truck for a period of approximately five and one-half hours and after he returned the truck had been moved and was in collision with the plaintiff's automobile.

There was, therefore, direct evidence in the case that the agent of the owner of the truck was not operating it at the time of the accident. If the truck was not being operated by the agent of the owner, mere ownership of the truck did not place liability upon the defendant corporation. *State of Maryland, for Use of Mitchell, et al. v. Jones, et al., supra,* and cases there cited. The weight of this evidence was a question for the court, sitting as a jury, under provisions of Rule 9 aforesaid. The judgment of the trial court should not be set aside on the evidence unless clearly erroneous and due regard should be given the opportunity of the trial court to judge of the credibility of the witnesses.

On the one hand the judge was faced with a presumption that the driver of the automobile is presumed to be the employee, servant or agent of the owner. This presumption is rebuttable and was rebutted. On the other hand no one saw Burgoon operating the truck at the time of the accident. The agent in whose charge the truck was entrusted, testified that the truck was moved, but not by him. The witness, Burgoon, in effect said he was not operating the truck at the time of the accident and was not present at that time and place. In other words, he said he had nothing to do with the moving of that truck. The court stated in the opinion, "Burgoon is not a satisfactory witness and can be very severely criticized for his mannner of testifying, and the court has very little confidence in him. Nevertheless, the court feels it has to accept that testimony. There is no testimony to the contrary." This court cannot say that the trial judge was clearly erroneous under the evidence before him, in finding that the truck was not operated by the agent of the owner at the time of the accident, and therefore in finding a judgment for the defendants.

*Judgment affirmed with costs.*